UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) 2:21-CR-00120-DCLC-CRW |
| v. | ) ) |
| JOSE L. RODRIGUEZ, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 595]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 596].

**I. BACKGROUND**

On September 20, 2023, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) [Docs. 408, 434]. Based on a total offense level of 33 and a criminal history category of I, Defendant's guideline range was 135 to 168 months [Doc. 512, ¶ 58]. On January 26, 2024, the Court sentenced Defendant to 135 months' imprisonment to be followed by a five-year term of supervised release [Doc. 556]. Defendant is currently housed at FCI Butner, and his projected release date is August 1, 2032. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 7, 2025). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 595].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). In relevant part, Amendment 821 created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Defendant seeks a sentence reduction pursuant to the foregoing guideline provision, arguing that he "is a first time offender that meets all of the requirements" [Doc. 595, pg. 1]. At the time of sentencing, however, Defendant received the two-level reduction pursuant to U.S.S.G. § 4C1.1 [*See* Doc. 512, ¶ 31]. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 595] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

2

Case 2:21-cr-00120-DCLC-CRW   Document 618   Filed 03/10/25   Page 2 of 2
PageID #: 4209